STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-61 and
AP-04-78 (Consolidated)
DHM - KEN - 10/2/2007

YORK HOSPITAL,

      Petitioners

   v.

BRENDA HARVEY, *et al.*,

      Respondents

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DECISION AND ORDER**

YORK HOSPITAL, *et al.*,

      Petitioners
   v.

JOHN R. NICHOLAS, *et al.*,

      Respondents

Before the court are petitions for review, consolidated, in the matters of York Hospital, *et al.* v. Brenda M. Harvey, *et al.*, Docket No. AP-04-61, and York Hospital, *et al.* v. John R. Nicholas, *et al.*, Docket No. AP-04-78. By order of November 23, 2004, the two petitions have been consolidated for disposition. Both of these actions arise out of activities of the parties subsequent to an award of a Certificate of Need ("CON") to Maine Medical Center and Southern Maine Medical Center ("MMC/SMMC") for the development of a cancer care center in York County.[1]

---

[1] The actual application sought a Certificate of Need for a cancer care center in Wells. One of the activities giving rise to this litigation is the amendment to the Certificate of Need upon request for subsequent review to place the cancer care center in South Sanford.

The petitions seek judicial review of final action agency by the Commissioner of the Maine Department of Health and Human Services ("Department") modifying the CON granted February 4, 2003. The original CON decision was appealed to the Law Court, remanded to this court and, pursuant to the Mandate, decision of this court is issued contemporaneous with these matters. *See York Hospital, et al. v. John R. Nicholas, et al.*, AP-03-24 (Me. Super. Ct., Ken. Cty.).

The petitioners challenge the actions of the Commissioner of the Maine Department of Health and Human Services regarding the CON award asserting that the award resulting from the subsequent review is invalid as a matter of law in that the successful applicant, MMC/SMMC, did not commence the project within 12 months and the six-month extension pursuant to law and secondly, the decision on the subsequent review is in violation of the authority granted the respondent by statute.

Under the CON Act, Title 22 M.R.S.A., and the terms of the CON award itself, MMC/SMMC was required to commence development of its product within one year after the CON decision. The Act also provided that the Department could grant an extension of the certificate for an additional time not to exceed 12 months if good cause is shown why the project has not commenced. At the time of the issuance of the CON to MMC/SMMC, the Department had adopted a rule that provided that the holder of a certificate of need may be considered to have commenced the project in accordance with the law if it was engaged in litigation of a complaint relative to the issuance of the certificate. Inasmuch as *York Hospital, et al. v. Nicholas*, AP-03-24, was before this court and subsequently on appeal to the Law Court, the Department deemed this project to have "commenced."

The petitioners challenge that conclusion by asserting that by any set of facts absent the rule, the project had not commenced because MMC/SMMC had not received

site approval from the town of Wells and, indeed, when ultimately received, was so late that the hospitals moved the project elsewhere. The first argument by petitioners is an assertion that the petition for subsequent review was a separate proceeding thereby requiring the Department to utilize the law and regulations in effect at the time of the request for subsequent review and not those at the time of the application for the CON. The effect of such a holding would remove the determination that commencement can be deemed by the presence of litigation. The second prong of petitioners' attack is that the petition for subsequent review must be handled as a separate application thereby requiring a new and distinct competitive application for CON with its attendant procedures. Third, the petitioners challenge the determination by the Commissioner that he was bound by a ruling of his CON Unit that commencement was deemed to have taken place by virtue of the rule.[2] In his decision, the Commissioner disagreed that the project had been commenced but stated that he was bound to comply with the ruling by the CON Unit. Finally, the petitioners argue that the rule, if it is found to be operative, exceeds the authority of the Department, violates the Administration Procedures Act ("APA"), 5 M.R.S.A. § 11004 and is contrary to the CON Act itself mandating the 12-month completion requirement.

With respect to the commencement issue, the respondent Department argues that the petitioners did not properly raise the issue of the application of the new CON Act at the Commissioner level and are therefore, in its judgment, estopped from raising the issue on judicial review. They further argue, factually, that at the time of the initiation of the competitive review, the petitioners agreed to the use of the 1978 rule as

---

[2] This comment is relevant because in AP-03-24, this court determined that a very influential part of the CON Unit clearly displayed bias and prejudice in its communications against the petitioners but that its formal recommendations to the Commissioner and the Commissioner's decision itself did not appear to be based upon such bias or prejudice but upon facts which were present in the record. On those grounds, the court did not reverse the CON award.

applied to the underlying applications and that the staff and the Commissioner proceeded on that basis. They further argue that the request for subsequent review is not a separate proceeding and therefore is subject to the rule regarding commencement deemed by litigation. In all of these factual procedural matters, the respondents argue that, as a matter of law, the court should defer to the Commissioner and the Department as being those most appropriate to interpret the statute and the rules.

To the extent petitioners challenge the authority of the Department to promulgate such a rule, the Department argues that there is no conflict with the APA and that the rule is in keeping with the general rule making authority of the Department to adopt rules for the interpretation, implementation, and enforcement of any provision of law that the Department is charged with administering. *Conservation Law Foundation, Inc. et al. v. Department of Environmental Protection, et al.*, 2003 ME 62, 823 A.2d 551. Respondents further argue that the petitioners have the burden to establish that the Department acted arbitrarily and capriciously in enacting the rule where they must demonstrate the unreasonableness of the action of the agency and must show that the rule is unreasonable, lacks a factual basis or lacks support in an evidentiary record. *Id.*

On the part of the Certificate holder, MMC/SMMC, they argue deference to the Commissioner and, in addition, assert that 1 M.R.S.A. § 302 clearly establishes that a proceeding initiated prior to the repeal or amendment of an action shall be considered a pending proceeding where there has been at least one substantive review thereby preventing the enacted CON Act or CON rule as a matter of law. They further argue that the request for subsequent review was not a separate application and therefore the commencement issue is a continuation of the original application and not a separate

proceeding. Finally, they echo the Department's argument that the issue was not properly raised at the Commissioner level.

With respect to the argument regarding the failure of the petitioners to raise the issue of the commencement decision, the petitioners argue, and the record supports the view, that the determination by the Department of the so-called "commencement" by virtue of litigation was determined *ex parte* and could not be raised by the petitioners until the subsequent review procedure itself, at which time the petitioners asserted the argument. That finding must be made in favor of the petitioners.[3]

The court is satisfied that the determination of commencement and subsequent review proceedings are a continuation of the original application and, notwithstanding the substantial changes requested, to be discussed below, arise out of the initial application and are not a separate proceeding. Therefore, the "commencement" issue is determinative if valid. Whether or not petitioners are bound by any alleged agreement to apply the 1978 CON Act and regulations to this entire proceeding, including the subsequent review, it appears clear that 1 M.R.S.A. § 302 does not afford the petitioners a remedy under the subsequent CON Act. Of greater concern is an analysis of whether the rule exceeds the authority of the Department by being in violation of the statutes found in the APA and the CON Act itself. On the one hand, such a rule would provide a vehicle by which a successful CON applicant could be defeated in its implementation of the project by disaffected parties' continuing litigation which might involve stays or other issues creating uncertainty in investment practices. On the other hand, if the rule substantively violates the CON Act itself and if, as a matter of fact, it frustrates the

---

[3] In light of this court's findings in AP-03-24 of bias on the part of the CON Unit and the finding by the Commissioner that the project had not, in fact, been commenced but that the Commissioner acceded wholly to the decision by the CON Unit, the determination would appear to be troublesome. However, the rule is either valid or not as a matter of law and, if valid, it is undisputed that the award of the CON was involved in litigation consisting of a challenge to its award.

implication of the APA that the final agency action is not stayed unless there is court action, it would exceed the rulemaking authority and further would violate the principle that the agency loses its authority to modify a final agency decision unless the court affects a remand. *Gagne v. City of Lewiston*, 281 A.2d 579 (Me. 1971). The rule creates a fallacy and would appear to have the likelihood of a result contrary to its purpose. It disregards any factual basis for the inability or unwillingness to commence a project within a statutory 12-month period. Contrary to a motion for stay proceeding in the court, it is absolute and makes no allowance for the nature of the litigation or its real effect.[4]

That being said, is such a finding conclusive with regard to the rulemaking authority of the Department? The CON Act provides the Department with a broad rulemaking authority by allowing it to adopt any rules, regulations, standards, criteria or plan that may be necessary to carry out the provisions and purposes of the Act. The court is satisfied that the Department, in its function as a reviewing and issuing authority of Certificates of Need, has purposes in the nature of a continuing supervision of the fundamental issues involved. The court views the 12-month requirement as a means by which the circumstances and facts presented to the Department for consideration of the need may change with the passage of time and that circumstances which may give rise to an appropriate certificate at the time of application may change and considerably modify the picture a year or so later. While it is not an obvious conclusion, it is not unreasonable to interpret the rule as consistent with the overview

---

[4] On two occasions, MMC and SMMC have suggested that the reason for the failure to actually commence the project within the 12-month period and the six-month extension is the litigation. They further assert that the need for increased capitalization is caused by the delay in the courts. Both of these assertions are disturbing because the reason for the delay is that MMC/SMMC did not have the necessary approvals from the town of Wells at the time of application and such approval did not occur until 18 months later than the decision.

authority of the Department in assisting it to implement the functions and purposes of the CON Act. This is not to say that utilization of the rule to deem a project commenced where a party has sought judicial review of the agency action and, during the pendency of that litigation, the applicant and the Department were to modify the project in a manner causally related to the deficiency being challenged. Use of the rule to consider a change of location such as was done in this case where the location was such a fundamental and substantive part of the applications by both competing parties comes very close to suggest an improper use of the rule. But for the court to reach that conclusion, it would need to do a factual analysis of all the circumstances of the differences in the sites of the project which the court is not in a position to do and, under well-established principles, must defer to the Department for the conclusion.

The second prong of petitioners' attack is to challenge the validity of the subsequent review proceeding itself beyond the statutory deadline but within the period in which litigation was pending. MMC/SMMC requested modifications to its CON in a proceeding called a subsequent review. They sought a change in location of the site of the cancer treatment center from Wells to South Sanford, they sought an increase in capital authorization of some $500,000, and other changes of less substantial nature. Petitioners' first challenge is to assert that the Department lacked jurisdiction to conduct a subsequent review because under the principles of *Gagne*, 281 A.2d 579, the authority was removed from the administrative tribunal upon the petition for judicial review. They argue, as a matter of fact, that the changes requested were sufficiently substantial to require a renewed CON competitive review. In that regard, they assert that *Gagne* is a jurisdictional ruling and not dependent upon the particular facts of the case.

Secondly, petitioners complain that the subsequent review procedure is an unlawful legislative delegation of authority since neither the statute nor the rules provide specific standards for consideration by the Department in its modification of its award. Third, they note the language of the statute dealing with criteria for subsequent review to require subsequent review and approval within three years of the issuance of a CON and there is a significant change in financing, there is a change affecting the license capacity, there is a change involving services proposed, there is a change in the site or location of the facility or a substantial change in the design or type of construction. Inasmuch as some of the matters considered in the instant subsequent review were not within those definitions, the petitioners believe the ultimate decision was without authority.

Next the petitioners argue that they were denied the fundamental principles of due process of law because the analysis by the Department of the new site in South Sanford was not subject to a competitive analysis taking into the consideration the site proposal by the petitioners, but was only a stand-alone review.

Petitioners complain that the addition of a third party to be a participant in the facility, by rule, required a new CON analysis and it also asserts a provision of law prohibiting transfer of ownership of the approved project.

Finally, petitioners argue that the decision regarding the subsequent review was tainted by the same bias and prejudice as found in the underlying CON process as substantiated in AP-03-24.

The Department responds that the facts of this case are distinguishable from *Gagne* because the proposals for subsequent review were not to correct errors in the original awarded certificate but to modify the results of changing circumstances over time. Secondly, they note the mandate in the statute for the Department to engage itself

in review and approval once it has issued a CON and that the standards are specifically spelled out statutorily as being the same standards for determination of the issue of the CON in the first instance. The Department argues that the subsequent review is within the statutory scheme of the CON Act and that interpretation and administration of that Act is subject to deference to the Department and its Commissioner. With respect to the due process issue, they note that the petitioners were given an opportunity to submit material for the Department to consider in the application of the subsequent review of MMC/SMMC and therefore were given an opportunity to be heard.

MMC/SMMC again raise the principle that they are not satisfied the petitioners appropriately raised these issues before the Commissioner but admit that subsequent to the ruling, the Commissioner did issue a letter acknowledging a challenge. They join the Department in concluding that the statute requires continuing oversight and review by the respondents and that there was not an attempt in the subsequent review to correct errors in the original CON or modify substantive findings by the Commissioner. They argue that the addition of Goodall Hospital as a partner in the project did not substantially affect the project structure, there was no transfer of the CON to Goodall and that petitioners did participate by presenting information to the Commissioner during his review.

This court is satisfied that under concepts of oversight and continuing review and approval as mandated by the CON Act, the subsequent review was not a separate proceeding requiring a competitive review, that the Department applied the same standards in that review as mandated for the CON itself, that the process was within the statutory authority given to the Department and that its administration is subject to deference. The court is further satisfied that the statutory provisions requiring a subsequent review is just that and does not prohibit a subsequent review of other

matters, a distinction appearing to address minor and nonsubstantive changes from fundamental findings required in the CON process.

Considering the whole record, the most difficult part of the analysis of this entire proceeding, including AP-03-24, is this business of the failure of MMC/SMMC to present and the failure of the Department to require sufficient information in the underlying application for a CON that the proposed location of the project facility had cleared all local hurdles and that its cost and accessibility were resolved and not subject to further regulatory consideration. This failure, to a large extent, caused the need for a subsequent review, an increase in costs, and a change in location totally outside of the competitive review process. Petitioners have complained about this discrepancy from the very beginning and were proven correct when it resulted in a need for changes to the CON. That fundamental issue is the cause of this discrepancy and the question is whether it was a lack of good judgment on the part of MMC/SMMC and the Department staff or a result of bias and prejudice. Did the bias and prejudice cause the Department to arbitrarily rule on the "commencement" issue? Did the bias and prejudice cause the project to be delayed in excess of 18 months? Did the bias and prejudice of the Department create a need for the subsequent review in which an entirely different location for the project was not analyzed in a competitive review process?

While the court is troubled by the manner in which petitioners were treated in this entire proceeding, it cannot find a violation of constitutional or statutory provisions, proceedings in excess of statutory authority, unlawful procedure, lack of substantial evidence on the whole evidence or arbitrary or capricious decisions characterized by abuse of discretion. The court finds no error of law. To the effect the

court finds bias, it does not find that it ultimately affected the decision of the respondents.

The entry will be:

> Decision of the Maine Department of Health and Human Services on subsequent review is AFFIRMED.

Dated: October 2, 2007

Donald H. Marden
Justice, Superior Court

Date Filed __8/25/04__ __Kennebec__ Docket No. __AP04-61__
County

Action __Petition for Review__ **consolidated w/ AP04-78**
80C

# J. MARDEN

York Hospital & Wentworth-Douglass ~~vs.~~ William Perfetto & Department of Human

| Plaintiff's Attorney        Hospital | Defendant's Attorney        Services |
|---|---|
| Joseph M. Kozak, Esq. <br> Julius Ciembroniewicz, Esq. <br> Michael D. Seitzinger, Esq. <br> 160 Capitol St., Suite 4 <br> Augusta, Maine 04330 | – Charles F. Dingman, Esq. <br> John P. Doyle, Jr., Esq. (SMMC/MMC) <br> Sara B. Gagne Holmes, Esq. <br> 45 Memorial Circle <br> P.O. Box 1058 <br> Augusta, Maine 04332-1058 <br><br> – Janine Massey, AAG <br> State House Sta 6 <br> Augusta Maine 04333 |

| Date of Entry | |
|---|---|
| 8/25/04 | Petition for Review, filed. s/Kozak, Esq. s/Ciembroniewicz, Esq. s/Seitzinger, Esq. |
| 9/7/04 | Appearance and Statement of Position, filed. s/Dingman, Esq. |
| 9/14/04 | Entry of Appearance, filed. s/Massey, AAG <br> Respondents' Motion to Dismiss with incorporated Memorandum of Law and Request for Hearing, filed. s/Massey, AAG |
| 9/24/04 | Record and Certification of Clerk's Record, filed. **Record in vault.** |
| 9/27/04 | Notice of briefing schedule mailed to attys. |
| 10/4/04 | Petitioners' Motion Under Rule 80C to Add Information to Record on Appeal and Incorporated Memorandum, filed. s/Kozak, Esq. <br> Petitioners' Offer of Proof in Support of Rule 80C Motion, filed. <br> Amended Petition for Review, filed. <br> Motion for Leave to Amend, filed. s/Kozak, Esq. <br> Affidavit of Michael Seitzinger in Support of Petitioners' Rule 80C Motion, filed. <br> Proposed Order on Rule 80C Motion, filed. <br> Proposed Order on Motion for Leave to Amend, filed. |
| 10/13/04 | Stipulation of Dismissal as to Counts III and IV, filed. s/Kozak, Esq. s/Massey, AAG and s/Doyle, Esq. |
| 10/14/04 | RESPONDENT'S MOTION TO DISMISS, Marden, J. <br> Moot. <br> Copies mailed to attys of record. <br><br> STIPULATION OF DISMISSAL, Marden, J. <br> Counts III and IV of Petition for Review are DISMISSED with prejudice. <br> Copies mailed to attys of record. |
| 10/14/04 | Copy of letter, filed. s/Kozak, Esq. |
| 10/25/04 | Respondents' Opposition to Petitioners' Motion to Amend Petition for Review and Motion Under Rule 80C(e), filed. s/Massey, AAG <br> Respondents' Motion to Consolidate with Incorporated Memorandum of Law, fil( <br> s/Massey, AAG <br> Proposed Order, file. |

| Date of Entry | Docket No. _____ |
|---|---|
| 10/25/04 | Memorandum of Law in Opposition to Petitioners' Motion under Rule 80C(e) to add Information, filed. s/Dingman, Esq. (with attachments) |
| 11/24/04 | ORDER ON MOTION TO CONSOLIDATE, Marden, J.<br>The Court GRANTS Respondents' Motion to Consolidate and ORDERS the consolidation of the above-captioned matters.<br>Copies mailed to attys. |
| 12/13/04 | Respondents' Opposition to Petitioners' Motion Under Rule 80C(e), filed. s/Massey, AAG. |
| 12/14/04 | SMMC/GH/MMC's Mmemorandum of Law in Opposition to Petitioners' Motion to Present Additional Evidence, filed. s/Dingman, Esq.<br>Appendix to the Briefs, filed. (Vol. 1) |
| 12/21/04 | Petitioners' Reply Memorandum of Law in Support of Rule 80C Motion to Present Additional Evidence, filed. Kozak, Esq. |
| 1/13/05 | Letter informing the court that parties in interest have no objection to granting the Motion and entry of the Order, filed. s/Doyle, Jr., Esq. |
| 5/3/05 | ORDER ON MOTION FOR LEAVE TO AMEND PETITION FOR REVIEW, Marden, J.<br>Copies mailed to attys of record.<br><br>ORDER ON PETITIONERS' RULE 80C MOTION, MARDEN, J.<br>Copies mailed to attys of record. |
| 11/3/05 | Letter regarding Petitioners' Motion under Rule 80C(e) to Present Additional Evidence, filed. s/Seitzinger, Esq. |
| 11-22-05 | Received and filed by Petitioners' Attorney, Michael Seitzinger<br>Petitioners Motion for Stay, Memorandum of Law in Support of Petitioners' Motion for Stay, Affidavit of Michael Seitzinger in Support of Petitioners' Motion for Stay and Draft Order. |
| 11/22/05 | Petitioners' Motion for Stay, filed. s/Kozak, Esq. |
| 11/28/05 | Motion of SMMC/GH/MMC to Modify Record to Include Record Material Relating to DHHS Commissioner's July 2005 Denial of Stay of Commissioner's 2004 Subsequent Review Decision, filed. s/Doyle, Esq.<br><br>Affidavit of John P. Doyle, Jr. in Support of Motion of SMMC/GH/MMC to Modify record to Include Record Materials Relating to DHHS Commissioner's July 2005 Denial of Stay of Commissioner's 2004 Subsequent Review Decision, filed. s/Doyle, Jr., Esq.<br>Appendix to Affidavit, filed.<br><br>Proposed Order, filed.<br><br>Letter informing the court that the Petitioners do not object to the Motion to Supplement Record, filed. s/Seitzinger, Esq. |
| 12/13/05 | Respondents' Opposition to Petitioners' Motion for Stay, filed. s/Massey, AAG |
| 12/19/05 | Petitioners' Memorandum of Law Replying to Respondents' Opposition to Renewed Motion for Stay, filed. s/Seitzinger, Esq. |
| 12/19/05 | SMMC/MMC/GH's Memorandum in Opposition to Petitioners' Motion for Stay, filed. s/Doyle, Jr., Esq. (attached exhibits A,B)<br>Affidavit of Robert Hardison in Support of SMMC/MMC'S Memorandum of Law Opposing Petitioners' Request for Stay, filed. s/Hardison<br>(filed 12/16/05) |

| Date of Entry | YORK HOSPITAL VS. DHS, ET ALS     Docket No.\_\_\_\_\_ AP04-61 |
|---|---|
| 12/21/05 | Petitioners' Memorandum of Law Replying to MMC/SMMC's Opposition to Motion for Stay, filed. s/Kozak, Esq. |
| 2/3/06 | Letter requesting a mediation session with Justice Fritzsche, filed. s/Massey, AAG |
| 2/13/06 | Letter requesting a second settlement with Justice Fritzsche. filed. s/ Kozak, Esq. |
| 03-06-06 | Received and filed on behalf of Respondent (SMMC) and (MMC) by Attorney John P. Doyle Jr. an Affidavit of Robert Hardison in Support of SMMC/MMC'S Memorandum of Law Opposing Petitioners' Request For Stay. |
| 3/8/06 | Hearing had, Hon. Donald Marden, Presiding. (no courtroom clerk present) Case taken under advisement. |
| 5/15/06 | ORDER FOR SUBSTITUTION OF PARTY, Marden, J. Brenda Harvey substituted as Commissioner for DHS. Copies mailed to attys of record. |
| 5/19/06 | Letter from attorney Seitzinger to Court regarding briefing schedule. |
| 5/26/06 | Letter regarding disposition of appeal, filed. s/Seitzinger, Esq. Letter in response to Atty. Seitzinger's letter, filed. s/Doyle, Jr., Esq. |
| 5/30/06 | Proposed Supplemental Scheduling Order, filed. |
| 7/7/06 | Letter regarding pending motions, filed. s/Seitzinger, Esq. |
| 7/21/06 | ORDER ON MOTION FOR STAY, Marden, J. Petitioners' motion for stay is DENIED. Copies mailed to attys of record. SUPPLEMENTAL SCHEDULING ORDER, Marden, J. Copies mailed to attys of record. |
| 8/2/06 | Proposed Order, filed. Proposed Order, filed. |
| 8/23/06 | Petitioners' Brief, filed. s/Seitzinger, Esq. |
| 9/22/06 | Respondents' Brief, filed. s/Massey, AAG |
| 9/22/06 | Brief of Southern Maine Medical Center, Maine Medical Center and Goodall Hospital, filed. s/Dingman, Esq. |
| 10/2/06 | Petitioners' Reply Brief, filed. s/Seitzinger, Esq. Substitution of Petitioners' Brief that was filed on August 23, 2006. |
| 11/22/06 | Oral arguments held with the Hon. Justice Donald Marden, presiding. Joseph Kozak, Esq. and Michael Seitzinger, Esq. for the Petitioners. Janine Massey, AAG and Charles Dingham, Esq. for the Respondents. Oral arguments made to the court. Court to take matter under advisement. |
| 10/9/07 | DECISION AND ORDER, Marden, J. (10/2/07) Decision of the Maine Department of Health and Human Services on subsequent review is AFFIRMED. Copies to attys. of record. Copies to repositories. |

Date Filed __10/13/04__          __Kennebec__          Docket No. __AP04-78__
                                        County

Action ___Petition for Review___          **consolidated w/ AP04-61**
                    80C

                                              **J. MARDEN**

__York Hospital & Wentworth-Douglass__    vs.   __Joseph R. Nicholas, Comm. & Depart. of__
Plaintiff's Attorney            Hospital      Defendant's Attorney  Health & Human Services

  Joseph M. Kozak, Esq.                          Charles F. Dingman, Esq. (SMMC/GH/MMC)
  Julius Ciembroniewicz, Esq.                    John P. Doyle, Jr., Esq.
  Michael D. Seitzinger, Esq.                    45 Memorial Circle
  160 Capitol Street, Suite 4                    P.O. Box 1058
  Augusta, Maine  04330                          Augusta, Maine  04332-1058
                                               ‒ Janine Keck Massey, AAG (Nicholas & Dept.)
                                                 6 State House Station
                                                 Augusta, Maine  04333-0006

| Date of Entry | |
|---|---|
| 10/13/04 | Petition for Review, filed. s/Kozak, Esq., s/Ciembroniewicz, Esq., s/Seitzinger, Esq. |
| 10/19/04 | Entry of Appearance and Statement of Position 5 M.R.S.A. § 11005, filed s/Dingman, Esq. |
| 10/25/04 | Entry of Appearance, filed. s/Massey, AAG |
| 11/12/04 | Certification of Record, filed. s/Massey,AAG  ( **in vault on shelf**) |
| 11/15/04 | Notice of briefing schedule mailed to attys of record. |
| 11/22/04 | Petitioners' Motion Under Rule 80C(e) to Present Additional Evidence and Incorporated Memorandum of Law, filed. s/Kozak, Esq. Petitioners' Offer of Proof in Support of Rule 80C(e) Motion, filed. Affidavit of Joseph Kozak in Suuport of Petitioner's Motion, filed. Proposed Order, filed. |
| 11/24/04 | ORDER ON MOTION TO CONSOLIDATE, Marden, J. The Court GRANTS Respondents' Motion to Consolidate and ORDERS the consolidation of the above-captioned matters. Copies mailed to attys. |
| 12/13/04 | Respondents' Opposition to Petitioners' Motion Under Rule 80C(e), filed. s/Massey, AAG |
| 12/13/04 | Petitioners' Motion for Leave to Amend Petition for Review and Incorporated Memorandum of Law, filed. s/Kozak, Esq. Amended Petition for Review, filed. Proposed Order, filed. |
| 12/14/04 | SMMC/GH/MMC'S Memorandum of Law in Opposition to Petitioners' Motion to Present Additional Evidence, filed. s/Dingman Appendix to the Briefs, filed. (Vol. 1) |

| Date of Entry | Docket No. _____ |
|---|---|
| 12/21/04 | Petitioners' Reply Memorandum in Support of Rule 80C Motion to Present Additional Evidence, filed. s/Kozak, Esq. |
| 1/13/05 | Letter informing the court that parties in interest have no objection to granting the Motion and entry of the Order, filed. s/Doyle, Jr., Esq. |
| 5/3/05 | ORDER ON MOTION FOR LEAVE TO AMEND PETITION FOR REVIEW, Marden, J. Copies mailed to attys of record. |
| | ORDER ON PETITIONERS' RULE 80C MOTION, Marden, J. No action taken by Court at this time pending discovery proceedings taking place under Mandate of Law Court is AP03-24. Copies mailed to attys of record. |
| 11/ J/05 | Letter regarding Petitioners' Motion under Rule 80C(e) to Present Additional Evidence, filed. s/Seitzinger, Esq. |
| 11/22/05 | Petitioner's Motion for Stay, filed. s/Kozak, Esq. |
| 11/28/05 | Motion of SMMC/GH/MMC to Modify Record to Include Record Material Relating to DHHS Commissioner's 2005 Denial of Stay of Commissioner's 2004 Subsequent Review Decision, filed. s/Doyle, Esq. |
| | Affidavit of John P. Doyle, Jr., Esq. in Support of Motion of SMMC/GH/MMC to Modify Record to Include Record Materials Relating to DHHS Commissioner's July 2005 Denial of Stay of Commissioner's 2004 Subsequent Review Decision, filed. s/Doyle, Jr., Esq. Appendix to Affidavit, filed. |
| | Proposed Order, filed. |
| | Letter informing the court that the Petitioners do not object to the Motion to Supplement Record, filed. s/Seitzinger, Esq. |
| 12-02-05 | Received and filed on behalf of Respondents, no objection to the granting of the Motion of SMMC/GH/MMC to Modify Record to Include Record Materials Relating to DHHS Commisioner's 07-05 Denial of Stay of Commissioner's 2004 SubsequentReview Decision filed on November 22, 2005 Letter filed by AAG Janine Keck Massey. |
| 12/13/05 | Respondents' Opposition to Petitioners' Motion for Stay, filed. s/Massey AAG |
| 12/19/05 | Petitioners' Memorandum of Law Replying to Respondents' Opposition to Renewed Motion for Stay, filed. s/Seitzinger, Esq. |
| 12/19/05 | SMMC/MMC/GH's Memorandum in Opposition to Petitioners' Motion for Stay, filed. s/Doyle, Jr., Esq. (attached exhibits A,B) Affidavit of Robert Hardison in Support of SMMC/MMC's Memorandum of Law Opposing Petitioners' Request for Stay, filed. s/Hardison (filed 12/16/05) |
| 12/21/05 | Petitioners' Memorandum of Law Replying to MMC/SMMC's Opposition to Motion for Stay, filed. s/Kozak, Esq. |
| 2/3/06 | Letter requesting a mediation session with Justice Fritzsche, filed. s/ Massey, AAG |
| 2/13/06 | Letter requesting a second settlement conference with Justice Fritzsche, filed. s/Kozak, Esq. |

| Date of Entry | Docket No. **AP-04-78** |
|---|---|
| **03-06-06** | Received and filed on behalf of Respondent (SMMC) and (MMC) by Attorney John P. Doyle Jr. and Affidavit of Robert Hardison in Support of SMMC/MMC'S Memorandum of Law Opposing Petitioner's Request For Stay. |
| 3/8/06 | Hearing had, Hon. Donald Marden Presiding. (no courtroom clerk present) Case taken under advisement. |
| 5/15/06 | ORDER FOR SUBSTITUTION OF PARTY, Marden, J. Brenda Harvey substituted as Commissioner for DHS. Copies mailed to attys of record. |
| 5/19/06 | Letter from attorney Seitzinger to Court regarding briefing schedule. |
| 5/26/06 | Letter regarding disposition of appeal, filed. s/Seitzinger, Esq. Letter in response to Atty. Seitzinger's letter, filed. s/Doyle, Jr., Esq. |
| 5/30/06 | Proposed Supplemental Scheduling Order, filed. |
| 7/7/06 | Letter regarding pending motions, filed. s/Seitzinger, Esq. |
| 7/21/06 | ORDER ON MOTION FOR STAY, Marden, J. Petitioners' motion for stay is DENIED. Copies mailed to attys of record. SUPPLEMENTAL SCHEDULING ORDER, Marden, J. Copies mailed to attys of record. |
| 8/2/06 | Proposed Order, filed. Proposed Order, filed. |
| 8/15/06 | ORDER ON SMMC'S MOTION TO MODIFY RECORD, Marden, J. Copies mailed to attys of record. |
| 8/21/06 | Amended Certification of Record, filed. s/Massey, AAG |
| 8/23/06 | Brief of Petitioners, filed. s/Seitzinger, Esq. s/Kozak, Esq. |
| 9/22/06 | Respondents' Brief, filed. s/Massey, AAG |
| 9/22/06 | Brief of Southern Maine Medical center, Maine Medical Center and Goodall Hospital, filed. s/Dingman, Esq. |
| 10/2/06 | Petitioners' Reply Brief, filed. s/Seitzinger, Esq. Substitution of Petitioners' Brief that was filed on August 23, 2006 |
| 11/22/06 | Oral arguments held with the Hon. Justice Marden, presiding. Joseph Kozak, Esq. and Michael Seitzinger, Esq. for the Petitioners. Janine Massey, AAG and Charles Dingham, Esq. for the Respondents. Oral arguments made to the court. Court to take matter under advisement. |
| 10/9/07 | DECISION AND ORDER, Marden, J. (10/2/07) Decision of the Maine Department of Health and Human Services on subsequent review is AFFIRMED. Copies mailed to attys. of record. Copies to repositories. |